## THE NEW JERSEY.

### BALDES v. TEXAS CO. et al.

District Court, E. D. Texas, Beaumont Division. June 11, 1928.

James E. Rose, of Port Arthur, Tex., for libelant.

F. T. Baldwin and Wm. K. Hall, both of Houston, Tex., for respondents.

ESTES, District Judge. This libel is filed by Frank Baldes, a seaman, for the recovery of $20.50 wages alleged to be due him by virtue of a contract of employment made with the master of the steamship New Jersey. The claim is that the said wages were due on May 31, 1927, and that penalties by reason of the willful refusal of the respondent to pay them have accrued at this date to the amount of something more than $2,500.

The facts are that the libelant, on April 26, 1927, was engaged to serve as steward on a voyage beginning at Port Arthur and on a

steamship belonging to the Texas Company. That company has in force a sort of schedule of wages which is applicable to all its employés on ships, and which fixes the compensation for stewards at $120 per month unless such steward shall have been in the service of the company for a period of one year continuously. When the libelant made application for service, he was asked by the master as to the length of time he had been in the service, and told him that he had been working for the Texas Company since September, 1925, a period of nearly two years. On the strength of that representation, the master advised him that he was going to put him on the higher scale of wages; $135 being the wages of a man employed in the service for more than one year preceding.

The libelant, who testified very fully and candidly, said that he was aware of the scale of wages in effect at the time; that he had not been in the service of the Texas Company for one year continuously prior to this voyage, but had been in the service "off and on" since September, 1925. He said that his employment during the two years had aggregated six weeks in all.

When the vessel reached its destination—Providence, R. I.—he was paid at the rate of $135 per month, and engaged for a return trip. When he reached Port Arthur on this return trip, he was paid at the same rate. Immediately thereafter he went on another voyage to Charleston, S. C., and to Jacksonville, Fla.; thence to Port Arthur. After arrival at Port Arthur, he drew the sum of $40, which was $16 less than the wages at the rate of $135 per month would have been due him. At the time the master was off of the vessel, and this sum was paid him on account by the first mate, who told him that the master was in charge of the ship, but was not aboard. The next day he told the port steward, a man in charge of the employment of cooks and stewards on the Texas Company's vessels, that something was due him. This steward in turn called at the office of the company, and was there informed, the libelant's boat having in the meantime left Port Arthur, that a wireless had been received from the captain to the effect that nothing more was due this man, and that a letter would follow. From this letter it appeared that the report of the wages paid this man on his original trip to Providence had been received in New York, and it was there discovered that his previous service did not entitle him to the larger wages, and that he should have been paid at the rate of $120 per month.

At some later date, two or three weeks afterward, he called in person at the office of Mr. Hand, marine superintendent, and was there referred to the timekeeper, who advised him that he had no money for him. Mr. Hand testified that some time in July he heard that the man was still claiming his wages, but heard nothing further from him or about the matter until this suit was filed on February 7, 1928.

From these facts I have concluded, first that this man was not entitled to wages for his service in excess of $120 per month. While the master of the vessel, under the circumstances indicated above, agreed to pay him $135, it was upon a misapprehension of the facts, and the minds of the parties did not in fact meet with respect to such arrangement. The respondent did not believe that he was entitled to the increased wages, and it is my opinion that he was not, under all the conditions, entitled to them.

Then, too, I think, under the circumstances, that the failure to pay these wages was not "willful" within the terms of the statute. Holding as I do that he was not entitled to them, I think penalties could not attach. I also hold that the libelant himself was guilty of laches in failing to press his claim, under the circumstances, more vigorously. It is true he did not know that the law fixes penalties for willful failure to pay wages, but under all the conditions he should have, in my opinion, pressed his claim further.

So, from any viewpoint, I do not believe that he is entitled to recover, and the judgment should be rendered in favor of the defendant.